(53 Misc. Rep. 249)

### SULLIVAN v. HARNEY.

(Supreme Court, Appellate Term.   March 14, 1907.)

PROCESS—DEFECTS—FAILURE TO GIVE OFFICE ADDRESS OF ATTORNEY.

Failure of a summons to give the street number of plaintiff's attorney, as required by Code Civ. Proc. § 417, is a mere irregularity, and not a jurisdictional defect, so that defendant, having known such office address and retained the summons, could not have the service set aside, and the judgment entered in the case vacated. ·

Appeal from City Court of New York, Special Term.

Action by Joseph A. Sullivan against William Hyer Harney.   From an order denying a motion to set aside service of the summons and vacate judgment, defendant appeals.   Affirmed.

ARGUED before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Alexander Melhado, for appellant.

Charles Cramer, for respondent.

HENDRICK, J.   The summons was subscribed with the name of the plaintiff's attorney, after which appeared the words, "New York City." It did not contain "the street number or other suitable designation of the particular locality," as required by section 417 of the Code of Civil Procedure.   The appellant contends that the omission of the street number rendered the summons absolutely void, and that no jurisdiction was acquired by the service of the summons upon the defendant.

The summons filed with the judgment roll contains the office address of the plaintiff's attorney, which was omitted in the summons served upon the defendant.   It further appears that the defendant had actual knowledge of the office address of the attorney for the plaintiff, and he retained the summons from the 17th day of May, 1906, to the 3d day of November, 1906, a period of almost six months.   The omission of the street number does not constitute a jurisdictional defect.   It is an irregularity.   Wiggins v. Richmond, 58 How. Prac. 376; Hull v. Canandaigua Elec. Light Co., 55 App. Div. 419, 66 N. Y. Supp. 865; Littauer v. Stern, 177 N. Y. 233, 69 N. E. 538.

The order appealed from should be affirmed, with costs.   All concur.

---

(117 App. Div. 357)

### In re SHELDON'S WILL.

(Supreme Court, Appellate Division, Third Department.   January 18, 1907.)

1. APPEAL—APPEAL BOND—PERFECTION OF APPEAL.

Code Civ. Proc. § 1303, provides that where an appellant seasonably and in good faith serves the notice of appeal, either on the clerk or the adverse party or his attorney, but omits through mistake or excusable neglect to serve it on the other, or to do any other act necessary to perfect the appeal, the court "in or to which" the appeal is taken may permit the omission to be supplied.   Section 2575, in relation to appeals from surrogates, makes the provisions of section 1303 applicable.   *Held*, that the Appellate Division has power to permit an appellant to file a new un-

103 N.Y.S.—12

dertaking or to do any other act necessary to perfect an appeal from a Surrogate's Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2077–2088.]

2. SAME.

Code Civ. Proc. § 1335, provides for the justification of sureties on an appeal undertaking within a certain time. Section 812 provides for the determination of the sufficiency of the sureties from affidavits which must accompany such instruments. Section 1308 provides that the court in which an appeal is pending on proof by affidavit that a surety has become insolvent may require appellant to file a new undertaking, and that, on his failure to do so, the appeal must be dismissed. Section 2597, in relation to Surrogates' Courts, provides that any person interested in the estate or fund may present a petition setting forth that a surety in a bond is insufficient, and praying for a new bond, and that the surrogate, if it appears that the allegations are true, must cite the principal to show cause why the petition should not be granted. Section 2581, in relation to appeals from surrogates, provides that the filing of a proper undertaking and the service of the notice of appeal perfects the appeal. *Held*, that section 1335 is not applicable to appeals from Surrogates' Courts, and it is in the discretion of the surrogate whether he will determine the sufficiency of the sureties from the affidavits of justification or require the sureties to attend before him and be examined touching their sufficiency before approving the undertaking, but after his approval the undertaking is effectual for all purposes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2059–2063.]

Application for letters of administration with the will annexed of Henry A. Sheldon, deceased. Application to perfect an appeal from the surrogate. Application denied.

See 96 N. Y. Supp. 225.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Taylor L. Arms, for appellant.

Isaac Weill, for respondent.

SEWELL, J. This is an application to perfect an appeal under section 1303 of the Code of Civil Procedure. The decree or order from which the appeal was taken was entered in Surrogate's Court October 18, 1906. The notice of appeal was duly served, and an undertaking approved by the surrogate, with the approval indorsed thereon, was filed in the surrogate's office October 22, 1906. The undertaking was executed in conformity with the provisions of sections 2577 and 2581 of the Code of Civil Procedure, which prescribe the form of an undertaking to perfect an appeal from Surrogates' Courts, and accompanying it was an affidavit of each surety to the effect that he was a resident of and freeholder within the state, and worth twice the sum specified in the undertaking, over and above all his debts and liabilities. On November 1, 1906, the respondent's attorney caused a notice of exception to the sureties to be served on the appellant's attorney, who thereupon made a motion to set aside the exception. The motion was denied by the surrogate on the 9th day of November; and, as the appellant could not then cause the sureties to justify before the surrogate, within 10 days after the notice of exception, and the respondent claim-

ed the undertaking was not effectual for any purpose, application is made to perfect the appeal, by filing another undertaking.

There is no force in the contention of the respondent that this court has not the power to permit an appellant to file a new undertaking, or to do any other act necessary to perfect an appeal from Surrogate's Court. That power is expressly given by section 1303 of the Code of Civil Procedure to the court "in or to which the appeal is taken," and that section is made applicable to appeals from Surrogates' Courts by section 2575 of the Code of Civil Procedure.

We can find, however, no authority for the assumption of counsel that the filing of the undertaking already given, and the service of the notice of appeal, did not perfect the appeal herein. Section 1335 of the Code of Civil Procedure, which provides for the justification of the sureties in an undertaking given to perfect an appeal within a certain time after notice of filing and exception thereto, relates to appeals to the Court of Appeals, and has not been made applicable to appeals from Surrogates' Courts. There is no provision in chapter 18 of the Code of Civil Procedure which provides a complete system of appeals from orders and decrees made in Surrogates' Courts, altogether distinct from the provisions in reference to appeals from other courts, nor is there included within any section of the Code, made applicable to proceedings in Surrogates' Courts, a provision which requires the sureties in an undertaking or bond, given to perfect an appeal or for any other purpose, to attend before the surrogate within a certain time and be examined as to their sufficiency.

From the absence of such a provision, it would seem that the Legislature intended to dispense with that proceeding in respect to all bonds and undertakings required to be given in Surrogates' Courts, and that the sufficiency of the sureties therein should be determined from the affidavits of justification which must accompany such instruments and be subjoined thereto. Code Civ. Proc. § 812. That such was the intention of the Legislature is also apparent from the fact that express provision is made in that chapter for an ex parte approval of all bonds and undertakings prescribed therein, and the approval is made conclusive proof of the sufficiency of the sureties, in that the only remedy reserved to a respondent or other person interested, if the sureties are insufficient or become insolvent, is to apply for an order requiring a new bond or undertaking or new additional sureties as the case may require. Code Civ. Proc. §§ 1308, 2597. There is no intimation of a justification or an allowance of sureties after the undertaking has been approved and filed in the surrogate's office. On the contrary, there is a plain and explicit declaration in section 2581 of the Code of Civil Procedure that "the filing of a proper undertaking and the service of the notice of appeal, perfect the appeal." That was the substance and effect of the provisions of the Revised Statutes relating to appeal from Surrogates' Courts, from which this section was taken. 2 Rev. St. (1st Ed.) p. 600, pt. 3, c. 9, tit. 3, § 56; 2 Rev. St. (1st Ed.) p. 610, pt. 3, c. 9, tit. 3, § 108. It is a matter in the discretion of the surrogate whether he will determine the sufficiency of the sureties from the affidavits of justification, or whether he will require the sureties to attend before him and be examined touching their sufficiency, before approving of

the undertaking. He may establish a rule to regulate the justification of sureties in his own court, and make a compliance therewith a condition of his approval, as the surrogate of New York has done (Surrogates' Rules 16, 17); but after he has approved of an undertaking and indorsed his approval thereon, it is all the Code requires. There is, then, a strict compliance with its provisions, and the undertaking is effectual for all the purposes for which it is required.

Obviously, therefore, the appeal herein was perfected when the appellant served her notice of appeal and filed the undertaking in the surrogate's office, and for that reason the application is denied, without costs. All concur.